# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **CONTRACT FREIGHTERS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-5088-CV-SW-GAF |
| | ) |
| **CRST VAN EXPEDITED, INC.,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Plaintiff Contract Freighters, Inc. ("CFI")'s Motion to Remand its cause of action against the Defendant to state court. CFI originally filed a lawsuit against CRST Van Expedited, Inc. ("CRST") in the Circuit Court of Jasper County, Missouri. Both CFI and CRST are trucking companies. Prior to the institution this action, a dispute between the parties arose with regard to the propriety of CFI hiring drivers who had formerly been employed by CRST. CFI filed the present suit in Jasper County Circuit Court seeking declaratory judgment as to the rights, obligations, and liabilities of both parties with respect to the recruitment and employment of experienced drivers. CRST has opposed this motion. For the following reasons, CFI's motion to remand is DENIED.

CRST removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. According to the CRST, this Court has jurisdiction under 28 U.S.C. § 1332. In the Notice of Removal (Doc. 1) CRST represented that CFI is a corporation organized under the laws of the state of Missouri with its principal place of business located in Jasper County, Missouri. CRST is a corporation organized under the laws of the state of Iowa with its principal place of business located in Cedar Rapids, Iowa. Based upon CRST's good faith belief, the amount in controversy between the parties exceeds $75,000. CFI now seeks to

remand the case to the Circuit Court of Jasper County, Missouri, arguing that the damages sought do not exceed the requisite $75,000.

Cases filed in state court may be removed to federal court if the case would have been within the original jurisdiction of the federal courts. See 28 U.S.C. § 1441(a). If there is no original jurisdiction over the case, the matter must be remanded to state court. The burden of demonstrating removal jurisdiction falls upon the party seeking removal. In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). In a case where the parties are diverse in citizenship, district courts have "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000." In a diversity action, therefore, the party seeking removal to federal court must establish that there exists complete diversity among the parties and that the amount in controversy prerequisite is satisfied. See 28 U.S.C. § 1332(a).

There is no question that complete diversity exists between the parties in this case and so the dispositive question revolves around the amount in controversy. CRST contends that the amount in controversy requirement for diversity jurisdiction is satisfied. CFI, however, argues that the damages do not exceed the $75,000 requirement, exclusive of interest and costs, and, therefore, diversity jurisdiction does not exist. The amended petition filed in Jasper County alleged that the amount in controversy between the parties was less than $25,000.

First, CFI asserts that CRST has applied the wrong legal standard in submitting its notice of removal. As stated above, this action was removed based upon the representation that CRST had a "good faith belief" that the amount in controversy was in excess of $75,000. CFI now contends that the amount in controversy must be determined to a "legal certainty" rather than based upon the "good faith belief" of the opposing party.

While CFI strenuously maintains that the law is well settled in this jurisdiction that the removing party's burden of proof to a legal certainty, the law in this jurisdiction does not favor this position. Notwithstanding CFI's contentions regarding the standard in the Eighth Circuit, CRST asserts that, in situations such as this, where the plaintiff does not specify an amount of damages, the question of the removing party's burden of proof remains open in this jurisdiction. Indeed, this very Court in a previous case has applied the preponderance of the evidence standard to a case where the plaintiff has not specified the total amount of damages. Radmer v. Aid Assoc. for Lutherans, 2000 WL 3391993 (W.D. Mo. 2000).

In its amended complaint, CFI claimed that the amount in controversy was less than $25,000.00. This number is not dispositive of the issue, however, because CFI is seeking declaratory relief. In actions for declaratory relief, it is well settled that "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). In this case, the dispute between CFI and CRST involves far more than just the driver named in the amended petition. The declaration sought by CFI would not only impact the relationships between the parties and the drivers, but could potentially dictate the recruiting and hiring practices of both companies altogether. CRST has represented that spends it over $10 million annually hiring approximately 2,500 drivers. With that figure in mind, CFI is requesting a declaration that its practice of hiring over-the-road drivers under contract to CRST does not constitute "a material interference with CRST's contractual relationship or prospective business advantage." (Exh. B to Doc. 1 at ¶ 15).

Accordingly, this Court finds that CRST has established by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000 amount in controversy requirement. As a result, CFI's motion to remand is DENIED.

**IT IS SO ORDERED**.

                                                  /s/ Gary A. Fenner
                                                  GARY A. FENNER, JUDGE
                                                   United States District Court

DATED:    August 11, 2005